803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JANET KENNEDY, Plaintiff-Appellant
v.
CITY OF CLEVELAND, CIVIL SERVICE COMMISSION OF CITY OF
CLEVELAND; ANDREW VANYO; CITY OF NORTH OLMSTED; UNKNOWN
PATROLMAN FOR THE CITY OF NORTH OLMSTED; UNKNOWN PATROLMAN
FOR THE CITY OF NORTH OLMSTED, Defendants-Appellees
 No. 85-3756.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 Before: MARTIN and JONES, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Janet Kennedy appeals the district court's summary judgment award to the defendants in this civil rights action brought pursuant to 42 U.S.C. 1983. The facts of this case are clear and simple. Ms. Kennedy was suspended from work as a patrolwoman for the City of Cleveland when stolen property was discovered at her home. A hearing was held before the city's Safety Director on May 9, 1975 which resulted in her formal discharge, despite the fact that criminal charges against her had been dismissed. Ms. Kennedy appealed her discharge to the Civil Service Commission which affirmed the Safety Director's decision. Her discharge was then reviewed by both state trial and appellate courts.
 
 
 2
 More than nine years after her discharge she filed the present action in district court on January 11, 1985, contending she was deprived of her property interest in continued employment because she did not receive a pre-suspension hearing. The district court dismissed Kennedy's claim on the grounds that it was barred by the statute of limitations, and alternatively, by principles of res judicata.
 
 
 3
 The timeliness of Kennedy's section 1983 claim controls the disposition of her action. Kennedy argues that the limitation period did not begin to run when she was discharged, but rather when she pursued her last available state remedy in September, 1984. We disagree. Kennedy clearly did not file this action within the time allowed. Wilson v. Garcia, --- U.S. ----, 105 S. Ct. 1939, 1949 (1985), held that 1983 claims shall be characterized as tort claims for statute of limitation purposes. In Mulligan v. Hazard, et al., 777 F.2d 340, 344 (6th Cir. 1985), we found that the one-year period provided for in Ohio Rev. Code Ann. Sec. 2305.11 for libel, slander etc. is the appropriate statute of limitations for 1983 claims. In the present case, the limitation period began on Kennedy's discharge date, May 9, 1975, making her filing in January, 1985 clearly untimely.
 
 
 4
 The decision of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation